IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT COURT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.

WILSON REINOSO,

    Plaintiffs,

vs.

OCMP GROUP LLC, D/B/A SAKEROOM a Florida limited liability company, ORLANDO SANTANA, and MARIO CICILIA, individually,

    Defendants.

_____/

# COMPLAINT

COMES NOW, Plaintiff, WILSON REINOSO, by and through his undersigned attorney, hereby sues Defendants, OCMP GROUP LLC, a Florida limited liability company, ORLANDO SANTANA, and MARIO CICILIA, individually (hereinafter collectively referred to as "the Employer," except when referred to individually), and alleges:

## JURISDICTIONAL ALLEGATIONS AND VENUE

1. Plaintiff seeks to recover money damages for unpaid overtime and minimum wages. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and pursuant to Fla. Stat. § 448.110.

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This is an action for damages more than $30,000.00, and this action is therefore within the jurisdiction of this Court.

4. The corporate Defendant, OCMP GROUP LLC, a Florida limited liability company, was at all times material hereto, doing business in Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

5. The individual Defendants, ORLANDO SANTANA, and MARIO CICILIA are residents of Miami-Dade County, Florida, where they employed Plaintiff, where this cause of action arose.

6. This action is brought by Plaintiff to recover from the Employer claims for unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 206, Fla. Const. Art. 10 § 24, Fla. Stat. § 448.110.

7. FLSA coverage is triggered because the corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other States, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over State lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce,

particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and two or more employees handled goods or materials that moved in the stream of commerce on a frequent and recurrent basis, and/or Plaintiff by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

8. Plaintiff regularly utilized and handled equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in his work.

9. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## PLAINTIFF'S EMPLOYMENT

10. Plaintiff was dually employed in a single week by Defendants as a sushi chef as well as a server. Plaintiff worked from approximately July 2017 until January 31, 2022. By way of estimate, Plaintiff worked one day as a server and the other five days as a sushi chef. Occasionally, when needed, Plaintiff was required to abandon his duties as a server to work as a sushi chef.

11. Plaintiff worked an estimated average of 66 hours a week, or less, and was paid at a higher hourly-rate when he worked a sushi chef. Although Plaintiff regularly worked more than 40 hours per week, Defendants failed to pay him overtime wages as required by the FLSA.

12. While employed as a server, Plaintiff was paid of $4.50 per hour, less than the required minimum wage.

13. Defendants committed a minimum wage violation when they employed Plaintiff as a server and paid a reduced subminimum tip credit wage. Defendants are not entitled to not entitled to claim a tip credit because they failed to pay the required tip credit wage, took control or deprived Plaintiff of tips and because they failed to inform Plaintiff as required by the FMWA and the FLSA.

14. Employers cannot use the "tip credit" if they fail to meet *conditions precedent* to the tip credit availability. The two conditions imposed by the FMWA are: (1) employers cannot take control over tipped employee's tips, and (2) the employer must inform in advance that it intends to claim a tip credit (3) and payment of the specified subminimum tip credit wage.

15. The informational requirements of the FLSA and FMWA are set forth in 29 C.F.R. § 531.59,[1] which states in relevant part:

1. Pursuant to section 3(m), an **employer is not eligible to take the tip credit unless** it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the Act, i.e.: **The amount of the cash wage that is to be paid** to the tipped employee by the employer; **the additional amount by which the wages of the tipped employee are increased** on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; **that all tips received by the tipped employee must be retained by the employee** . . . and that **the tip credit shall not apply to any employee who has not been informed of these requirements in this section**. 29 C.F.R. § 531.59(b).

## COUNT I
## FAILURE TO PAY OVERTIME WAGES, FLSA, ALL DEFENDANS

16. Plaintiff re-alleges and re-avers paragraphs 1 through 15 as fully set forth herein.

---

[1] The FMWA adopts all regulations interpreting the Fair Labor Standards Act. F.S. 448.110(3) states in relevant part: "Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein."

17. Plaintiff was employed in two capacities at the Defendant restaurant, one as a sushi chef, and the other as a server, and paid two different rates. When employees are paid two different rates in a single week at two or more different types of non-overtime rates of pay (of not less that the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. 29 C.F.R. § 778.115.

18. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA, but no provision was made by the Employers to properly pay him at the rate of time-and-a-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

19. Defendants knew of and showed reckless disregard by failing to pay the overtime pay required by the FLSA, Plaintiff was paid a flat hourly rate for the hours worked a chef and as a server, when he worked in excess of 40 hours per week, rather than the required 1 ½ times payment required by the FLSA. Defendants had knowledge of the requirement that employees be paid overtime wages. Ignorance of the law is not an excuse. Defendants failed to keep adequate time records for hours that Plaintiff worked. Defendants misclassified Plaintiff as an independent contractor and did not make payroll deductions. Defendants knew or should have known of the work performed by the Plaintiff and of their obligation to timely pay Plaintiff's overtime wage yet failed to do so. Defendants have been in business for substantial period and failed to pay the overtime and minimum wage which they knew or should have known had to be paid.

20. The Employers remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is

entitled to an equal amount as liquidated damages.

21. Plaintiff has complied with all conditions precedent to bringing this action or all conditions have been otherwise waived.

22. Plaintiffs has retained the law offices of the undersigned attorney to represent them in this action and are entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the corporate Defendant OCMP GROUP LLC, jointly and severally with the individual Defendants, ORLANDO SANTANA, and MARIO CICILIA, pursuant to the FLSA, to be proven at the time of trial, and liquidated damages due to Plaintiff remain outstanding. If Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, liquidated damages, and attorney's fees, and all other relief which this Court deems reasonable under the circumstances. Plaintiff demands trial by jury.

## COUNT II
## MINIMUM WAGE VIOLATION AGAINST
## ALL DEFENDANTS

23. Plaintiff re-alleges and re-avers paragraphs 1 through 22 as fully set forth herein.

24. Defendants were required to pay Plaintiff the minimum wage required the FMWA as well as the FLSA.

25. Plaintiff was employed with Defendant as a server at least one day a week. When employed as a server, Defendants paid Plaintiff a subminimum tip credit wage which was less than the required minimum wage.

26. The FLSA as well as Florida Minimum Wage law require that the Employer pay Plaintiff a required minimum wage per hour. 29 U.S.C. § 206; F.S. § 448.10.

27. As a result of the under-payments of wages alleged above, Defendant is indebted to Plaintiff in the amount of the unpaid minimum wage compensation. Plaintiff proposes to obtain the necessary records and information to determine the amount of the under-payments to him by appropriate discovery proceedings to be promptly taken in this cause.

28. Defendant willfully and intentionally failed to pay Plaintiff the statutory minimum wage as set forth above and remain owing him back wages. Defendant knew of the failure to pay Plaintiff. Defendant showed reckless disregard by failing to pay Plaintiff for his work and failing to comply with the FLSA and FMWA. Defendant did not keep proper time records, or other payroll records to avoid liability for the legally mandated wages. Defendant misclassified Plaintiff and failed to make mandatory payroll Defendants remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above and are entitled to a recovery of double damages.

29. Plaintiff has complied with all conditions precedent to bringing this action or all conditions have been otherwise waived.

30. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the corporate Defendant OCMP GROUP LLC, jointly and severally with the individual Defendants, ORLANDO SANTANA, and MARIO CICILIA, pursuant to the FLSA, to be proven at the time of trial, and liquidated damages due to Plaintiff

remain outstanding. If Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, liquidated damages, and attorney's fees, and any and all other relief which this Court deems reasonable under the circumstances. Plaintiff demands trial by jury.

## COUNT III
## INDIVIDUAL LIABLITY
## AGAINST ORLANDO SANTANA

31. Plaintiff re-alleges and re-avers paragraphs 1 through 30 as fully set forth herein.

32. The individual Defendant, ORLANDO SANTANA, is an FLSA and FMWA employer, as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant entity and additionally was directly involved in decisions affecting employee compensation, supervision of employees and hours worked by employees, such as Plaintiff. ORLANDO SANTANA also controlled the purse strings for the Defendant corporation.

33. As an FLSA employer, ORLANDO SANTANA is liable to Plaintiff, together with the corporate Defendant.

34. Defendant willfully and intentionally failed to pay Plaintiff the statutory minimum wage as set forth above and remains owing him back wages. Defendant knew of the failure to pay Plaintiff. Defendant showed reckless disregard by failing to pay Plaintiff for his work and failing to comply with the FLSA and the FMWA requirement for payment of overtime and minimum wages. Defendant did not keep time records, or other payroll records to avoid liability for the legally mandated wages. Defendant misclassified Plaintiff and failed to make payroll deductions from the wage owed. Defendant remains owing Plaintiff these overtime and

minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above and is entitled to a recovery of double damages.

35. Plaintiff has complied with all conditions precedent to bringing this action or all conditions have been otherwise waived.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the corporate Defendant OCMP GROUP LLC, jointly and severally with the individual Defendants, ORLANDO SANTANA, and MARIO CICILIA, pursuant to the FLSA, to be proven at the time of trial, and liquidated damages due to Plaintiff remain outstanding. If Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, liquidated damages, and attorney's fees, and all other relief which this Court deems reasonable under the circumstances. Plaintiff demands trial by jury.

## COUNT IV
## INDIVIDUAL LIABLITY
## AGAINST MARIO CICILIA

37. Plaintiff re-alleges and re-avers paragraphs 1 through 36 as fully set forth herein.

38. The individual Defendant, MARIO CICILIA, is an FLSA and FMWA employer, as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant entity and additionally was directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. MARIO CICILIA also controlled the purse strings for the Defendant corporation.

39. As an FLSA employer, MARIO CICILIA is liable to Plaintiff, together with the corporate Defendant.

40. Defendant willfully and intentionally failed to pay Plaintiff the statutory minimum wage as set forth above and remains owing him back wages. Defendant knew of the failure to pay Plaintiff. Defendant showed reckless disregard by failing to pay Plaintiff for his work and failing to comply with the FLSA and the FMWA requirement for payment of overtime and minimum wages. Defendant did not keep time records, or other payroll records to avoid liability for the legally mandated wages. Defendant misclassified Plaintiff and failed to make payroll deductions from the wage owed. Defendant remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above and is entitled to a recovery of double damages.

41. Plaintiff has complied with all conditions precedent to bringing this action or all conditions have been otherwise waived.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the corporate Defendant OCMP GROUP LLC, jointly and severally with the individual Defendants, ORLANDO SANTANA, and MARIO CICILIA, pursuant to the FLSA, to be proven at the time of trial, and liquidated damages due to Plaintiff remain outstanding. If Plaintiff does not recover double damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, liquidated damages, and attorney's fees,

and all other relief which this Court deems reasonable under the circumstances. Plaintiff demands trial by jury.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

                          THE LAW OFFICES OF
                          EDDY O. MARBAN
                          2655 S. LeJeune Road, Suite 804
                          Coral Gables, Florida 33134
                          Telephone (305) 448-9292
                          E-mail: marbanlaw@gmail.com

                          By: *s/Edilberto O. Marban*
                               EDDY O. MARBAN, ESQ.
                               Fl. Bar No. 435960